IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL B. NICHOLAS, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No.  12 C 0845 |
| v. | ) ) | Judge Robert W. Gettleman |
| CONSECO LIFE INSURANCE COMPANY, 11815 N. Pennsylvania Street, Carmel, IN 46032, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In a span of two months, plaintiff Daniel B. Nicholas, on behalf of himself and all others similarly situated, filed this putative class action against defendant Conseco Life Insurance Company challenging defendant's 2011 cost of insurance ("COI") rate scales in its universal life insurance policies, hired a former federal judge as a mediator, and negotiated a settlement with defendant whereby a nationwide class would be certified and all class members would be permanently barred and enjoined from filing, commencing, continuing, prosecuting or receiving benefits or other relief from any other lawsuit based on or relating to the claims alleged in the instant case.

On April 4, 2012, after a conference call to the court placed by counsel for plaintiff and defendant, plaintiff wrote to the court asking it to certify a nationwide settlement class, appoint plaintiff as a class representative, appoint plaintiff's counsel as lead counsel, directing notice to the class, preliminarily approving a class-wide settlement, and issuing a preliminary injunction enjoining all other actions based on the allegations in the instant complaint and enjoining all persons from filing or prosecuting a class action (including by amending a pending action to include class allegations) on behalf of non-excluded class members based on or relating to the

allegations of the complaint.  Excepted from the proposed preliminary injunction was the continued limited prosecution of a virtually identical class action already pending in the Central District of California in which that court had already certified two subclasses of California policy holders and had under advisement a motion to certify a nationwide class.  Yue v. Conseco Life Insurance Co., CV 11-9506 (AHM) ("Yue II").  The proposed order limited the continued prosecution of Yue II to only the claims brought on behalf of the two subclasses.  Plaintiff specifically asked the court to keep the letter confidential until the court ruled on the "request" for Preliminary Approval Order, ostensibly because Conseco "needs to notify certain regulators about the settlement before it becomes public."

  Dr. Celedonia Yue ("Dr. Yue"), the named plaintiff in Yue II who has been challenging Conseco's COI rate increases for over four years in the Central District of California, see Yue v. Conseco Life Insurance Co., 2011 WL 210943 (C.D. Cal. 2011) ("Yue I"), has moved to intervene as a plaintiff in the instant action and to transfer the action to the Central District of California so it can be heard by Judge Matz, to whom Yue II is assigned and who has presided over litigation challenging Conseco's COI rates for over eight years, including acting as designated MDL judge in In re Conseco Life Insurance Cost of Insurance Litigation, MDL 1610 (C.D. Cal.) (MDL 1610).  Plaintiff and defendant oppose both motions, characterizing them as "a thinly veiled effort to derail a class-wide settlement that . . . is in the best interest of the class."  For the reasons that follow both of Dr. Yue's motions are granted.

**Intervention**

Dr. Yue has moved to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), which provides that upon timely motion the court must permit anyone to intervene who:

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests unless existing parties adequately represent that interest.

To prevail on her motion to intervene as a matter or right, Dr. Yue must establish that: (1) the motion is timely; (2) she claims an interest relating to the property or transaction at issue; (3) disposition of the action as a practical matter may impede or impair her ability to protect that interest; and (4) her interest is not represented adequately by the existing parties to the suit. Vollmer v. Publishers Clearinghouse, 248 F.3d 698, 705 (7th Cir. 2001). The burden is on Dr. Yue to establish each element; failure to establish any element requires denial. Id. Dr. Yue has met this burden.

First, her motion is timely. The instant case is only three months old and her motion was filed only two days after plaintiff filed the amended complaint. There had been no activity in the case until then, and Dr. Yue would have no way to determine if her interest were being adequately represented until the parties (only after being ordered by the court) made their proposed settlement public.

Next, Dr. Yue obviously has an interest in the action, and neither plaintiff nor defendant has argued differently. She is a putative class member and named plaintiff in a virtually identical action that was already pending when the instant action was filed. The proposed settlement seeks to bar her from prosecuting her motion in Yue II to certify a nationwide class.

3

Those interests will, of course, be impaired by a resolution in the instant action. For example, the proposed order seeks a ban on informing class members of their option to opt out and join the Yue II class. Additionally, a decision in the instant case may destroy the effect of Judge Matz' order in Yue II preliminarily enjoining Conseco from implementing a 2011 COI rate increase. And, absent Dr. Yue's intervention, there is no party in the instant case to object to the proposed class certification, and no one to object to the terms of the settlement which she claims is inadequate. Thus, her interests are not being adequately represented by the parties to the instant action.

Plaintiff and defendant argue that there is no need for Dr. Yue to intervene because she has a right as an absent class member to object to the proposed settlement and to appeal the denial of that objection. "A member of a class in a class action suit, even if not a named party, can challenge a settlement that will bind him." Korczak v. Sedeman, 427 F.3d 419, 422 (7th Cir. 2005). She can, according to the parties, opt out of the settlement and pursue her lawsuit if the settlement is approved.

All of that is correct, of course, but Dr. Yue seeks to intervene before a class is certified to object to the certification. Unless she is a party or member of a preliminarily certified class she has no standing to be heard. Under plaintiff and defendant's theory, she must wait until a class is certified and a hearing on preliminary approval of the settlement before she can object. Because there are no parties in the case objecting to the nationwide class, no one is protecting her interests. And unlike in Doe v. Cin-Lan, Inc., 2011 WL 37970 (E.D. Mich. Jan. 5, 2011), which involved a collective action requiring an opt-in class, if Dr. Yue opts out of the settlement in the instant case she will be prevented from pursuing Yue II as a nationwide class. Therefore,

4

the court concludes that her interests are not being protected adequately by the current parties and grants Dr. Yue's motion to intervene as of right.[1]

**Transfer**

Dr. Yue seeks to transfer this action to the Central District of California where Yue II is pending and where Judge Matz has presided over litigation involving substantially identical issues for over eight years. The court agrees that in the interest of justice the case should be transferred.

As an initial matter, the court rejects Conseco's "Catch-22" argument that Dr. Yue cannot move to transfer unless she is allowed to intervene, but once intervention is allowed, an intervener waives all right to object to venue. The court agrees that absent intervention Dr. Yue, as a non-party, would have no standing to seek a transfer. See e.g., SEC v. Regions Bank, 2010 WL 3632769 at *3 (S.D. Fla. Sept. 1, 2010). And the court acknowledges that some courts and commentators have suggested that interveners may not object to the venue chosen. See Beam Laser Sys., Inc. v. Cox Commc'ns, Inc., 117 F. Supp.2d 515, 518 n.1 (E.D. Va. 2000). Although there may be some merit in some circumstances to conclude that interveners cannot challenge venue as improper, the court sees no value in the instant case to conclude that an intervener cannot move to transfer venue under 1404(a) for the convenience of parties and witnesses and in the interest of justice. The court agrees with the discussion and resolution of this issue in

---

[1] Even if Dr. Yue did not have a right to intervene, the court would grant permissive intervention under Fed. R. Civ. P. 24(b).

Intrepid Potash-New Mexico, LLC v. U.S. Department of Interior, 669 F. Supp.2d 88, 90-93 (D.C. 2009).[2]

Under 28 U.S.C. § 1404(a) the court may for the convenience of parties and witnesses, in the interest of justice transfer any civil action to another district where it might have been brought. Transfer is appropriate if venue is proper in the transferor district, venue and jurisdiction would be proper in the transferee court, and transfer will serve the convenience of parties and witnesses in the interest of justice. Board of Trustees of the Health and Welfare Department of Construction and General Laborers v. Kruzan, 2011 WL 6140530 at *3 (N.D. Ill. Dec. 8, 2011).

In the instant case, venue is proper in the Northern District of Illinois, and venue and jurisdiction is proper in the Central District of California. The only question is whether transfer would serve the convenience of parties and witnesses and the interest of justice. The court concludes that it does.

The decision to transfer requires "flexible and individualized analysis based on the circumstances of a particular case, and the weight to be afforded each factor is within the discretion of the district court, which is afforded wide discretion in deciding whether to transfer. Kruzan, 2011 WL 6140530 at *3. Generally, the court considers both private and public factors. Id.

---

[2]Even if Dr. Yue has waived any right to seek a transfer, this court can (and would) transfer under 1404(a) to a more convenient district on its own motion. Board of Trustees of the Health and Welfare Department of Construction and General Laborers v. Kruzan, 2011 WL 6140530 at *3 (N.D. Ill. Dec. 8, 2011).
·

Because the instant action is brought on behalf of a nationwide class, the court agrees with Dr. Yue that the normally considered private factors -- (1) plaintiff's choice of forum; (2) situs of material events; (3) the relative ease of access to sources of proof; (4) convenience of parties and; (5) convenience of witnesses -- are all really non-factors. As Dr. Yue notes, considering the issues, a trial is unlikely, leaving convenience of parties and witnesses largely irrelevant. Plaintiff did file the instant action in his home forum, but in nationwide class action cases plaintiff's choice of forum is entitled to little weight. Andrade v. Chase Home Finance, LLC, 2005 WL 3436400 at *5 (N.D. Ill. 2005). The other private factors -- situs of material events and ease of access to sources of proof -- do not favor either the Northern District of Illinois or the Central District of California, although the court notes that defendant is already litigating in California and much of the discovery has been completed in Yue II. Therefore, the court concludes that the private factors do not weigh in favor or against transfer.

The interest of justice, however, strongly favors transfer. Protecting and advancing the interest of justice is the "most compelling factor warranting transfer under § 1404(a)." Trustmark Insurance Co. v. All American Life Insurance Co., 2004 WL 2967529 at *4 (N.D. Ill. Dec. 2, 2004), and "may be determinative in a particular case, even if convenience of the parties and witnesses might call for a different result." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220 (7th Cir. 1986).

Here, there is related (substantially identical) litigation pending in the Central District of California. There is already pending in Yue II a motion for certification of a nationwide class. Judge Matz is far more familiar than this court with the issues and facts in the cases as well as the governing law, having presided over Yue I and Yue II, arising from the same or similar COI

7

rate increases. Keeping the action in this district would simply result in a race to certification and then resolution. Far greater efficiency and use of judicial resources would result from the cases being heard together.

Finally, plaintiff and defendant both suggest that Dr. Yue's motions to intervene and then to transfer are just a thinly veiled effort to improperly torpedo or scuttle[3] the proposed settlement. There are two possible ways to interpret this suggestion. The first assumes that the proposed settlement is in fact favorable, but that Judge Matz would nonetheless reject it for improper reasons. Indeed, much of the parties' argument against transfer consists of complaints about Judge Matz' interpretation of the contract, matters that should be raised in his court or the Ninth Circuit on appeal. The second way to interpret the parties' suggestion assumes that the settlement is not favorable, but that this court, being less familiar with the history of the litigation or perhaps just more gullible than Judge Matz, will approve it anyway. Either interpretation is unacceptable.

This court is confident that Judge Matz will objectively and skillfully examine any proposed settlement in the best interest of the class. No single litigant can "torpedo" or "scuttle" a settlement or usurp the judicial role in approving or disapproving a proposed class-wide resolution of the instant dispute. For these reasons, the court grants Dr. Yue's motion to transfer to the Central District of California.

---

[3]The parties to the instant case use the nautical terms "torpedo" and "scuttle" to describe Dr. Yue's intentions. The court suggests that they should decide whether the feared sinking of their proposed settlement would be the result of hostile or voluntary action.

## **CONCLUSION**

For the reasons described above, the motion to intervene (Doc. # 15) and motion to transfer (Doc. # 18) are granted. This action is transferred to the Central District of California.

**ENTER:** May 17, 2012

_____
**Robert W. Gettleman**
**United States District Judge**