John A. Yanchunis
MORGAN & MORGAN
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, Florida  33602
(813) 275-5272
(813) 223-5402 (facsimile)
*jyanchunis@forthepeople.com*

Robert R. Sparks
PARRY DEERING FUTSCHER & SPARKS, PSC
411 Garrard Street, P.O. Box 2618
Covington, Kentucky  41012-2618
(859) 291-9000
(859) 291-9300 (facsimile)
*rsparks@pdfslaw.com*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| DANIEL NICHOLAS, M.D., | ) | |
|---|---|---|
| | ) | Case No.: 2:12-cv-04872-JAK-PJW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **CLASS ACTION** |
| CONSECO LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | Hearing Date: July 30, 2012 |
| Defendant. | ) | Hearing Time:  8:30 a.m. |
| | ) | |

**PLAINTIFF'S MOTION TO CERTIFY A NATIONWIDE CLASS
FOR SETTLEMENT PURPOSES, APPOINT PLAINTIFF AS CLASS
REPRESENTATIVE, APPOINT LEAD COUNSEL FOR THE
CLASS, DIRECT AN ISSUANCE OF A NOTICE TO THE CLASS,
APPROVE A PRELIMINARY CLASS WIDE SETTLEMENT,
ISSUE A PRELIMINARY INJUNCTION AND
<u>SCHEDULE A FINAL FAIRNESS HEARING</u>**

Plaintiff Daniel B. Nicholas ("Plaintiff") moves the Court for the entry of an Order (i) certifying a nationwide class for settlement purposes only, (ii) appointing Plaintiff as the class representative, (iii) appointing lead counsel for the class, (iv) directing the issuance of a notice to the class, (v) preliminarily approving a class-wide settlement, (vi) issuing a preliminary injunction, and (vii) scheduling a final fairness hearing ("Preliminary Approval Order").   Defendant Conseco Life Insurance Company ("Conseco") joins Plaintiff in seeking approval of the settlement.

Attached to this motion are the Declaration of John Yanchunis (Exhibit A); the Supplemental Declaration of John Yanchunis (Exhibit B); the Declaration of Robert R. Sparks (Exhibit C); the Supplemental Declaration of Robert R. Sparks (Exhibit D); the Declaration of George C. Pratt (Exhibit E); a copy of the parties' Stipulation of Settlement (the "Stipulation") (Exhibit F) which provides, subject to this court's approval, for the settlement of the claims of a nationwide class of policyholders, and which includes a proposed class notice and an election form to accompany the class notice; and a Proposed Order Preliminarily Approving Class Action Settlement, Conditionally Certifying a Class and Granting Other Relief (Exhibit G).

## I.    Factual Background

### A.    Plaintiff's Complaint

Plaintiff filed this action in early February 2012 as a putative class action seeking from the outset to pursue claims on behalf of a nationwide class of Conseco's policyholders.    Plaintiff alleges that Conseco's November 2011 implementation of cost of insurance ("COI") rate changes (the "November 2011 COI rate scales") for a group of universal life insurance policies, known as "ValuLife" and "ValuTerm" policies (the "Policies") breached the terms of the contract.   COI rates and charges in

universal life insurance policies are generally determined by the insurer subject to the terms and conditions of the policy. These rates and charges are not guaranteed, and can vary over time.

The Policies here state that COI rates "will be determined by [Conseco] based on its expectation as to future mortality experience." The Complaint alleges, among other things, that Conseco breached the Policies in implementing the November 2011 COI rate scales. Specifically, Plaintiff alleges that the increases in the November 2011 COI rate scales were not based on Conseco's "expectation as to future mortality experience." At the same time, Conseco partially reinstated the per-unit expense charge on one policy form, UNL-91. While the per-unit expense charge on this one policy form was reinstated, it was nevertheless substantially below the maximum charge allowed by the UNL-91 Policy form. Plaintiff seeks monetary, declaratory and injunctive relief on behalf of Plaintiff, individually, and a putative class of Policyowners. Plaintiff seeks certification of a nationwide class of Policyowners under Fed. R. Civ. P. 23(b)(3). Conseco denies that it breached the Policies.

### B.   The Parties' Settlement Efforts

Shortly after the Complaint was filed, the parties began exploring resolution of Plaintiff's claims on a class-wide basis. These discussions were prompted by the parties' desire to avoid the expense, uncertainties and the burden of protracted litigation, and to put to rest any and all claims that have been, or could have been, asserted against Conseco arising out of the November 2011 COI rate scales.

In furtherance of these settlement discussions, the parties took a number of steps. *First*, Plaintiff retained an expert consultant and actuary, Dale Hyers, to review the information and documents Conseco

provided to Plaintiff and to give advice on the merits of the action and any settlement proposals.

*Second,* for purposes of Plaintiff's conducting extensive informal discovery, Conseco produced tens of thousands of pages of documents relating to the November 2011 COI rate scales, as well as certain documents relating to an earlier COI rate increase for the Policies, including but not limited to the following:

(a) All documents Conseco produced and all deposition transcripts and exhibits from *Yue v. Conseco Life Insurance Company,* CV 11-9506 (AHM) ("*Yue II*");

(b) All documents Conseco produced to the plaintiff in *Yue II* for purposes of settlement discussions in that action;

(c) All court filings in *Yue II* relating to the plaintiff's motions in that action for a preliminary injunction and for certification of a California class of plaintiffs, initially, and later for certification of a nationwide class of plaintiffs;

(d) All Ninth Circuit appellate briefs in an action commenced against Conseco in 2008 in *Yue v. Conseco Life Insurance Company,* CV 08-1506 (AHM) ("*Yue I*");

(e) After the parties signed a term sheet on March 28, 2012, and before the parties could submit this letter to the Court for approval, the court in *Yue II* certified a California subclass of Policyholders, conditionally certified a second California subclass of persons who have surrendered their Policies since November 2011, and enjoined Conseco from imposing the November 2011 COI rate scales on any member of the first

California subclass that would see a COI rate increase as a result of those changes; and

(f)    Additional information and documentation requested by Plaintiff's counsel or their consultant.

*Third,* the parties jointly retained a mediator, George C. Pratt, formerly a United States Circuit Court Judge for the Second Circuit and a United States District Court Judge for the Eastern District of New York, to mediate their settlement discussions.

*Fourth,* after these materials were reviewed and analyzed, the parties conducted a number of negotiating sessions. The first session consisted of a full day of negotiations in Chicago, Illinois on March 15, 2012, with Judge Pratt mediating. The second and third sessions occurred in Miami, Florida, on March 22 and 23, 2012. The fourth session occurred on March 28, 2012 in New York, again with Judge Pratt mediating. In these sessions, the parties set forth and discussed their respective positions on the merits of the putative class claims and the potential for a settlement that would involve class-wide relief, as well as Conseco's financial position. The parties exchanged offers and counteroffers and negotiated the points of each vigorously.

Following this intense period of discovery, analysis, and negotiation, the parties, by their counsel, entered into a term sheet setting forth the provisions of a settlement on March 28, 2012 (the "term sheet"). Judge Pratt, the mediator, also signed the term sheet. Following the execution of the term sheet, the parties prepared and ultimately signed the Stipulation and prepared the class notice and accompanying election form. A declaration signed by Judge George Pratt is attached as Exhibit E.

In the Stipulation, the parties agreed to a settlement of this action that would involve the certification, for settlement purposes only, of a

nationwide class of Policyowners, subject to the approval and determination of the Court as to the fairness, reasonableness and adequacy of the settlement, which, if approved, will result in final certification of the class and dismissal of the action with prejudice.

## II.    The Key Terms of The Stipulation

For the Court's convenience, we summarize below key terms of the Stipulation.

***The Class Definition.***   All owners of flexible premium life insurance policies designated by forms UNL-90, UNL-91 and UNL-90-NJ, also known as "ValuLife" and "ValuTerm" universal life insurance policies, which were initially issued by Massachusetts General Life Insurance Company and Philadelphia Life Insurance Company (the "Policies" and "Policyowners"), whose Policies were in force as of October 15, 2011, and who received notice of the new COI rate changes in October 2011.  The class does not include (A) Policyowners who exclude themselves from the class, (B) current directors and/or officers of Conseco, (C) Plaintiff's counsel and Conseco's counsel, or (D) your Honor.[1]

***The Settlement Benefits.***   The Stipulation memorializes the agreement of the parties and the terms of the proposed settlement.  If approved by the Court, the proposed settlement will provide the following benefits, among others, to class members:

- The proposed settlement provides relief that, in the aggregate, has an estimated minimum present value of more than ***$43 million to $45 million***, not including the costs of notice and attorneys' fees that Conseco has agreed to pay in addition to the settlement relief.

---

[1]   The class definition is set forth in §III, p. 9 of the Stipulation (Exhibit F).

- Eight forms of settlement benefits are available to class members, six of which are available to class members whose Policies remain in force as of the time that this settlement is finally approved, and two of which are available to class members whose Policies have terminated before the date this settlement is finally approved.

- The six forms of relief available to class members whose Policies remain in force are the following: (1) a 15% reduction in all of the COI rate increases included in the November 2011 COI rate scales (as compared to the pre-existing rate scales) that are the subject of Plaintiff's Complaint (the "Reduced Settlement COI rate scales"); (2) Conseco's guaranty that, unless directed otherwise by regulatory authorities, the Reduced Settlement COI rate scales will not be increased, but may decrease, for a period of five years (the "5-Year Guaranty Period"); (3) Conseco's guaranty that expense charges for owners of policy form UNL-91 will not be increased, but may decrease, for a period of five years (the "Partially Reinstated Per Unit Expense Charge"); (4) the establishment of a dispute resolution procedure with which Conseco would be required to comply if it wished to increase COI rates in the future after the 5-Year Guaranty Period expires, or if it sought to increase the per unit expense charges after the 5-Year Guaranty Period expires, which includes a review of any such increase by this Court; (5) Conseco's permanent guaranty of a bonus interest credit for those Policies that are currently receiving a bonus interest credit that is neither permanent nor guaranteed (the "Guaranteed Bonus Interest Credit Benefit"); and (6) the

option for class members to avail themselves of a reduced paid-up life insurance policy, the death benefit for which would be enhanced as a result of this settlement (the "Enhanced Reduced Paid-Up Policy Benefit"). The Enhanced Reduced Paid-Up Policy Benefit is an opportunity that is not available to Policyowners absent a settlement such as this.

- The two forms of relief available to class members with terminated Policies are the following: (1) an opportunity to reinstate their terminated Policies under terms that would place them in the same position as class members who obtained the benefits of this settlement by maintaining their Policies in force (the "Reinstatement Benefit"); and (2) a cash payment for those class members with terminated Policies who do not choose the Reinstatement Benefit.[2]

**The Release.** The Release provided in the Stipulation covers all claims, in law or equity, whether known or unknown or suspected or unsuspected, arising from the claims that are or could have been brought in Plaintiff's Complaint, as well as the released conduct as defined in the Stipulation. The Release is set forth in §X of the Stipulation on pp. 28-31 (Exhibit F). The full terms of the release will be provided to proposed class members in the class notice.

**The Proposed Order.** The parties submit to the Court a Proposed Order, asking that the Court do the following, among other things: (1) define and preliminarily certify a class for settlement purposes and appoint Plaintiff as the class representative and the undersigned as class counsel; (2) find that the proposed settlement is sufficient to warrant a full

---

[2]   The Settlement Benefits are explained in greater detail in the Stipulation, §IV, on pp. 9-20 (Exhibit F).

hearing and notice to the class; (3) schedule a fairness hearing on the proposed settlement; (4) except as to the continuing prosecution of claims on behalf of the subclasses identified in *Yue II*, enjoin class members from filing, commencing, prosecuting, intervening in or participating as a class member in any lawsuit or administrative action in any jurisdiction based on claims arising out of the claims that are the subject of this action; (5) except as to the continuing prosecution of claims on behalf of the subclasses identified in *Yue II*, enjoin all persons from filing, commencing or prosecuting a lawsuit if they do not timely exclude themselves from the class (or from commencing or prosecuting a lawsuit as a class action) relating to the claims that are the subject of this action and the released conduct; and (6) order that notice of the proposed settlement be provided to the class.

## III.   The Court Has Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this action, including jurisdiction to preliminarily approve the proposed settlement and certify a class for settlement purposes, under 28 U.S.C. § 1332(a) and (d)(2).

## IV.   The Court Should Certify a Settlement Class

"It must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation ...." *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir.1982); see also *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee,* 616 F.2d 305, 312-13 (7th Cir. 1980)("It is axiomatic that the federal courts look with great favor upon the voluntary resolution of litigation through settlement," and "in the class action context in particular, there is an overriding public interest in favor of settlement.") (Internal quotations and citations omitted), *overruled on other grounds by Felzen v. Andreas,* 134 F.3d 873 (7th Cir. 1998); *In re*

*AT&T Mobility Wireless Data Sers. Sales Litig.*, 270 F.R.D. 330, 345 (N.D. Ill. 2010) ("Federal courts naturally favor the settlement of class action litigation") (citing *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996)).  In so doing, the Court simply reviews the settlement to determine that it is not collusive and, "taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d at 625. The proposed settlement in this matter is fair, reasonable and adequate, and is in the best interests of the putative class and the public.

Strong judicial policy favors settlement of class actions. *Class Plaintiffs v. Seattle*, 955 F. 2d 1268, 1276 (9th Cir. 1992). Approval of class action settlements normally proceeds in two stages: preliminary approval followed by notice to the class, then final approval. *Manual for Complex Litigation* ("*Manual*") §21.632 (Fourth)(2004). The preliminary approval stage only requires the Court to make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms. *Id.* At the preliminary stage, the Court need only conduct a prima facie review of the relief and the notice provided by the Settlement Agreement to determine that notice should be sent the settlement class members. *See Id.* Therefore, the Court's review is "limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n, supra,* at 625; accord *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

The *Manual* summarizes the preliminary certification criteria as follows:

> If the case is presented for both class certification and settlement approval, the certification hearing and preliminary

9

fairness evaluation can usually be combined.  The judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of 23(b).

*Manual* § 21.632. The criteria represents a minimal threshold:

If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing.

*Young v. Polo Retail, LLC*, C-02-4546 VRW, 2006 WL 3050861 (N.D. Cal. 2006); *see, e.g., Satchell v. Federal Express Corp.*, Nos. C03-2659 SI, C 03-2878 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) (granting preliminary approval after finding proposed settlement was non-collusive, had no obvious defects and was within the range of possible settlement approval).   The proposed settlement before this Court's consideration satisfies the requirements of Rule 23 for preliminary approval. It is the product of serious, informed and non-collusive negotiations; has no obvious defects; does not improperly grant preferential treatment to class representatives or segments of the class; and is squarely within the range of possible settlement approval.

## A.   The Requirements Of Fed. R. Civ. P. 23(a) Are Satisfied.

This Court can and should issue an order certifying a settlement-only class because the requirements of Fed. R. Civ. P. 23 are satisfied. Rule 23 affords the district courts broad discretion to determine whether

certification of a class-action lawsuit is appropriate. See generally Fed. R. Civ. P. 23(d); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100, 101 S. Ct. 2193, 68 L.Ed.2d 693 (1981); see also *Butler v. Am. Cable & Tel., LLC*, No. 09 CV 5336, 2011 WL 4729789, at *4 (N.D. Ill. Oct. 6, 2011).

Under Rule 23(a), the certification of a class of plaintiffs requires a showing of (a) numerosity, (b) commonality, (c) typicality and (d) adequacy of representation. *See generally, Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *see also Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, Nos. 07 C 2898, 09 C 2026, 2011 WL 3290302, at *3 (N.D. Ill. July 26, 2011). A plaintiff seeking certification of a settlement class must satisfy each requirement of Rule 23(a) and one subsection of Rule 23(b). *See Butler* at *4 (citation omitted).

Here, and for purposes of the settlement of this action only, the parties have demonstrated that the requirements of Fed. R. Civ. P. 23(a) are met. *First*, the proposed class as defined consists of persons who have or had an ownership interest in over 45,000 Policies that Conseco currently administers.[3] The proposed class is ascertainable on the basis of Conseco's records and other objective criteria, and proposed class members are so numerous that it is impracticable to bring all of them before the Court. As in this case, when class size reaches substantial proportions, the impracticability requirement is usually satisfied by the number in the class alone. The numerosity requirement in this case is not disputed.

*Second*, Plaintiff has alleged numerous questions of fact and law common to the class, including, among others, whether Conseco breached the Policies between Conseco and class members and whether class

---

[3]   Declaration of Robert R. Sparks, ¶ 7 (Exhibit C).

11

members are entitled to damages based on Conseco's alleged breach of the Policies.  It stands to reason that individual factual differences among Class members will not preclude a finding of commonality. The commonality test is readily met because the instant action challenges a practice or policy that affects all putative class members, which arise from the same course of conduct.

*Third*, Plaintiff, whose Policy is currently in force, is facing an increase in COI rates because of the November 2011 COI rate scales and alleges that Conseco breached the Policies.  Plaintiff has alleged that he and all other members of the proposed class were subject to the same course of conduct.   Therefore, Plaintiff's situation and his claims are typical of the claims of the members of the proposed class.

*Fourth*, the parties agree, based on Dr. Nicholas's representations, that he will fairly and adequately protect the interests of the proposed class in that: (1) his interests and the nature of his claims are consistent with those of members of the proposed class; (2) there appear to be no conflicts between or among the named Plaintiff and proposed class members; (3) he is capable of continuing to be an active participant in both the prosecution of and the negotiations to settle this action; and (4) he and the proposed class members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class actions, particularly those involving the sort of insurance practice and administration claims alleged in the Complaint.

Additionally, the adequacy of class counsel in this case is easily satisfied as the Plaintiff and the class are represented by qualified and experienced counsel.  Because class counsel has sufficient experience and zeal, as evidenced by their actions throughout this litigation and in settlement negotiations, the adequacy requirement is satisfied.

**B.    The Requirements Of Fed. R. Civ. P. 23(b)(3) Are Satisfied.**

Federal Rule of Civil Procedure 23(b)(3) requires that common questions of fact and law predominate over questions of fact and law affecting only individual members of the proposed class, that litigation of the class claim be manageable and that a resolution of the action by class treatment be superior to other available methods for a fair and efficient adjudication of the action.  Where an action is being settled, rather than litigated, however, a court need not consider the manageability issues that might otherwise be presented by litigation of a nationwide class action. *Amchem Prods. v. Windsor*, 521 U.S. 591, 619 117 S. Ct. 2231, 2248 (1997); *see also Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 302-303 (3d Cir. 2011) (holding that potential variances in different states' laws would not defeat certification of a settlement-only class because trial management concerns were not implicated by a settlement-only class, as opposed to a litigated class); *Butler*, 2011 WL 4729789, at *4.

The court is to engage in a "pragmatic inquiry into whether there is a common nucleus of operative facts to each class member's claim". *Clark v. Bonded Adjustment Co.*, 204 F.R.D. 662, 666 (E.D. Wash. 2002). Furthermore, "[a] common question need only exist, not predominate, for the [commonality] requirement to be satisfied." *Orthopedic Bone Screw Prod. Liab. Lit.*, 176 F.R.D. 158, 174 (E.D. Pa 1997).

Here, for purposes of this settlement class only, the common questions of fact and law predominate over questions of fact and law affecting only individual members of the proposed class.  Moreover, for purposes of this settlement only, a resolution of the action in the manner proposed by the Stipulation is superior to other available methods for a fair and efficient adjudication of this action.  The proposed resolution of this action involves eight forms of relief for proposed class members, six of

13

which are for in force Policyowners and two of which are for Policyowners whose Policies have terminated.

## V.   Plaintiff's Counsel Should Be Appointed Class Counsel.

"[A] court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g).  Federal Rule of Civil Procedure 23(g) "requires the court to consider:  (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class."  *Butler, supra,* at *8 (citing Fed. R. Civ. P. 23(g)(1)(A)); see also *In re Rubber Chems. Antitrust Litig.,* 232 F.R.D. 346 (N.D. Ca. 2005).

The parties agree that the undersigned Plaintiff's counsel be appointed counsel to represent the class.  Plaintiff is represented by John A. Yanchunis of Morgan & Morgan P.A. and Robert R. Sparks of Parry Deering Futscher & Sparks, PSC.  These counsel have reviewed tens of thousands of pages of documents, retained an expert to evaluate potential claims, have participated in extensive arms'-length settlement negotiations related to the November 2011 COI rate scales and, in so doing, have adequately identified and investigated the potential claims in this action.   Plaintiff's counsel, moreover, have extensive experience handling class actions in cases such as this one and have knowledge of the applicable law, as demonstrated by their bios attached hereto (Exhibit A and Exhibit C).  Moreover, Plaintiff's counsel has already committed and will continue to commit resources to representing the class.  *Cf. Butler,* 2011 WL 4729789, at *8.  The requirements of Fed. R. Civ. P. 23(g) are, therefore, satisfied.

## VI.   The Settlement Should Be Preliminarily Approved

The United States Supreme Court's opinion in *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), confirms the propriety, and recognizes the necessity of settlement class certification in consumer cases, involving a single practice, identifiable class members, and relatively small, essentially identical, and objectively calculable economic damages.   Noting that Federal Rule of Civil Procedure 23(b)(3) is aimed primarily at vindicating "the rights of groups of people who individually would be without effective strength to bring their opponent into court at all," the Supreme Court declared such cases the paradigm for class treatment:

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.   The class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.

*Amchem*, 521 U.S. at 617 (emphasis added) (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)); see also *Brown v. Brown*, 6 Wn. App. 249, 253, 492 P.2d 581 (1971) ("A primary function of the class suit is to provide a procedure for vindicating claims which, taken individually, are too small to justify individual legal action but which are of significant size and importance if taken as a group").

The proposed settlement class is precisely the type of settlement class envisioned by the *Amchem* rationale.   The instant case seeks to aggregate individual claims that are too small to justify individual legal action.   These claims justify the certification of a settlement class. See, e.g., *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

There is an "overriding public interest" in settling class actions. *Armstrong*, 616 F.2d at 313. Preliminary approval of a settlement is "the first step in a two-step process to determine whether a proposed Rule 23 settlement is fair, adequate, reasonable, and not a product of collusion." *Butler*, 2011 WL 4729789, at *9; *see also* David F. Herr, *Annotated Manual for Complex Litigation* § 21.632 (4th ed. updated 2011)  The second step is a final fairness hearing, where ultimately, under the Seventh Circuit's five-factor test, this court will be required to consider: "(1) the strength of plaintiffs' case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed." *Am. Int'l Grp.,* 2011 WL 3290302, at *5 (citing *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006)). At the final fairness hearing, the "most important factor in evaluating the settlement . . . is the strength of the plaintiff's case compared to the amount of the settlement offer." *Am. Int'l Grp.*, 2011 WL 3290302, at *6 (citation omitted). "In evaluating the strength of the case, an important consideration is the various risks and costs that accompany continuation of the litigation." *Id.* (citations and quotations omitted).

"At the preliminary approval stage, however, the court's task is merely to determine whether the proposed settlement is within the range of possible approval, not to conduct a full-fledged inquiry into whether the settlement meets Rule 23(e)'s standards under *Synfuel*." *Id.* at *6 (quotations and citations omitted). Courts typically conduct "a more summary version" of the *Synfuel* five-factor analysis at the preliminary approval stage. *Id.* The purpose of the preliminary hearing and approval

is not to ultimately determine the fairness of the proposed settlement, but rather "to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Armstrong,* 616 F.2d at 314.

Here, ample reasons exist to notify the class members of the proposed settlement and proceed with a fairness hearing. *First*, the proposed settlement was the product of extensive arms'-length negotiations that resulted in substantial benefits for the proposed class. Three respected law firms negotiated the settlement following Plaintiff's diligent investigation into the facts and extensive review of documents.[4] The settlement was negotiated over the course of four mediation sessions supervised by Judge Pratt, a well-respected retired Judge of the United States Court of Appeals for the Second Circuit.

*Second*, as discussed above, the settlement affords significant benefits to the class. The proposed settlement provides relief that, in the aggregate, has an estimated minimum present value of more than ***$43 million to $45 million***. Resolutions of lawsuits such as these often take years of litigation, and recovery is never certain. Likewise, given the technical nature of the dispute and consequent need for well-developed expert opinions, legal fees and related costs are likely to be significant.

---

[4] "The lack of discovery prior to settlement . . . does not preclude a court from approving a settlement. Because counsel have conducted a significant amount of informal discovery and 'dedicated a significant amount of time and resources to advancing the underlying lawsuits, this factor does not weigh against preliminary approval. Additionally, the focus of this litigation appears to be more on legal than factual issues, and there is no indication that formal discovery would have assisted the parties in devising the Proposed Settlement Agreement." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. at 350 (quotations and citations omitted).

Any trial is likely to be complex and expensive. What's more, Conseco has agreed to waive its opposition to class certification and to pay the expenses related to notifying the class, which are additional significant benefits to the class. *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. at 348.

*Third*, if there is opposition to the proposed settlement, objectors have the opportunity to come forward and ask the Court to consider those objections after notice is distributed to the class. *Cf. Am. Int'l Grp.*, 2011 WL 3290302, at *7 ("At this point, the only way to gauge any additional opposition is to solicit it by sending notice of the settlement to the class and inviting its members to voice their opinions.")

*Fourth*, Judge Pratt's opinion that the proposed settlement is reasonable and fair is entitled to deference. *See Id.* at *8. As set forth in the Stipulation, Plaintiff's attorneys' fees will be modest, litigation expenses have been minimized due to a prompt resolution of the action and the court therefore has "no legitimate reason to doubt the integrity and motives" of class counsel. *Id.* And, despite this case being in its early stages, the case is unique in that Plaintiff and his expert have had a unique opportunity to review massive amounts of discovery directly relevant to this lawsuit, in the form of documentary evidence, expert reports, declarations, deposition testimony and extensive briefing of the legal issues. We have, moreover, demanded additional information, which has been provided, and Conseco has agreed to provide additional confirmatory discovery upon Plaintiff's request. Plaintiff has also consulted an expert for purposes of analyzing the information provided to us. We have, in other words, had more than ample opportunity to evaluate the merits of any potential claims arising from the November 2011 COI rate scales.

"Whether a class action is certified for settlement or certified for trial, and later settled, the judge must determine that the terms are fair, adequate and reasonable." *Manual*, § 21.61.   The Court's review of a proposed settlement concerns whether the settlement should be approved, disapproved, or whether conditions should be imposed thereon. *Id.* To determine whether a settlement is fair, adequate and reasonable, the Court "must examine whether the interests of the class are better served by the settlement than by further litigation." *Id.*

This Settlement Agreement meets these criteria.   Absent from this Settlement are any of the "recurring potential abuses in class action litigation" which would make the benefits conferred by the Settlement illusory: this Settlement provides uniform relief to the Class Members for claims that would otherwise be too small to pursue individually.   The Settlement provides relief in the form of monetary payments available to all Class Members.   Significantly, this monetary benefit will be made available to many Class Members who were otherwise unaware of their rights.   The Settlement also allows those who would rather pursue their claim individually to opt out.   The Settlement treats all Class Members similarly, and does not impose "strict eligibility conditions" or "cumbersome claims procedures" designed to disqualify otherwise eligible claims. See *Manual* at § 21.61.

## VII. The Parties' Proposed Notice Complies With Due Process And Fed. R. Civ. P. 23

Due process and Federal Rule of Civil Procedure 23 require that notice be given in a form and manner that is the best practicable notice and is reasonably calculated, under the circumstances, to apprise proposed class members (1) of the pendency of this action, (2) of their right to exclude themselves from the proposed settlement, (3) that any

judgment, whether favorable or not, will include any class member who does not request exclusion, and (4) that any class member who does not request exclusion may object to the settlement and, if he or she desires, enter an appearance either personally or through counsel. *See* Fed. R. Civ. P. 23(c)(2)(B).

Here, the proposed class notice that we enclose clearly apprises proposed class members of each of these requirements. Moreover, the parties proposed plan of notice, set forth in §V of the Stipulation (Exhibit F), is reasonably calculated, under the circumstances, to reach proposed class members, particularly because Conseco sent notice to all proposed class members as recently as October 2011, when it notified them of the November 2011 COI rate scales, at a time when each proposed class member owned an in-force Policy.

It is well settled that in order to protect the rights of absent class members, the Court must provide the best notice practicable to class members of a potential class action settlement. See *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12, 70 S. Ct. 652, 94 L. Ed. 865 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-175, 94 S. Ct. 2140, 40 L. Ed.2d 732 (1974); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed.2d 865 (1950). "Rule 23 . . . requires that individual notice in [opt-out] actions be given to all class members 'who can be identified through reasonable efforts' with others given the 'best notice practicable under the circumstances' . . . Due process does not require actual notice to parties who cannot reasonably be identified." *Eisen*, 417 U.S. at 175-76.

Given (a) the sufficiency of notice, (b) the fact that the proposed settlement resulted from extensive arms'-length negotiations, mediated by a former federal court of appeals judge, (c) was concluded only after

counsel for Plaintiff had engaged in extensive due diligence and had retained and consulted an eminently qualified independent expert about the issues raised by Plaintiff's claims, and (d) the proposed settlement evidenced by the Stipulation satisfies the requirements of Fed. R. Civ. P. 23 for settlement purposes, the parties submit that certification of the Class for settlement purposes is warranted and that notice should issue to the proposed class for a full hearing on fairness, reasonableness and adequacy of the settlement.

## VIII. The Court Should Grant the Requested Preliminary Injunction

The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions.". The complexity of class actions and multi-district litigation cases on the verge of completing a settlement require that district courts have the flexibility to bring the cases to judgment, and thus injunctions of parallel litigation such as the one requested here fall within the "in aid of jurisdiction" umbrella of the All Writs Act. *See, e.g., In re Diet Drugs*, 282 F.3d 220, 236, 239 (3d Cir. 2002).

As set forth in the proposed Preliminary Approval Order, the parties respectfully request that the Court enter a preliminary injunction in connection with the proposed settlement as follows:

Except for the continued prosecution of *Yue II* on behalf of the two subclasses identified in the *Yue II* Decision, all Class Members who have not been timely excluded from the Class are hereby enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as Class Members or otherwise) or receiving any benefits from any lawsuit, administrative or regulatory proceeding, or order in any

jurisdiction based on or relating to the allegations and claims set forth in the Complaint in this action, including the facts and circumstances relating thereto, and/or the Released Conduct (as that term is defined in the Stipulation) with respect to his or her Policy; and, except for the continued prosecution of *Yue II* on behalf of the two subclasses identified in the *Yue II* Decision, all persons are hereby enjoined from filing, commencing, prosecuting or maintaining a lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) in any jurisdiction, on behalf of Class Members who do not timely exclude themselves from the Class, if such other lawsuit is based on or relates to the allegations and/or claims in the Complaint in this action, including the facts and circumstances relating thereto, and/or the Released Conduct (as that term is defined in the Stipulation) with respect to his or her Policy. The Court finds that issuance of this preliminary injunction is necessary and appropriate in the aid of the Court's jurisdiction over the action.[5]

The issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction to effectuate class action settlement approval, to ensure the integrity of the class, and to protect any settlement fund. Injunctions are commonly granted under these circumstances, under the authority of the All Writs Act, 28 U.S.C. § 1651(a).  *See, e.g.*, *Liles v. Del Campo*, 350 F.3d 742 (8th Cir. 2003) (affirming district court's injunction of related litigation issued in

---

[5]   Proposed Order at 15-16 (Exhibit G).

connection with preliminary approval of proposed settlement and conditional certification of settlement class); *Kaufman v. Am. Express Travel Related Servs. Co., Inc.*, 264 F.R.D. 438, 449 (N.D. Ill. 2009) ("There is ample authority supporting the court's power to stay pending federal and state cases to effectuate class action settlement approval"), *modified on other grounds*, No. 07 C 1707, 2010 WL 3365921 (N.D. Ill. Aug. 19, 2010); *see also In re Mex. Money Transfer Litig.*, No. 98 C 2407, 98 C 2408, 1999 WL 1011788, at *3-4 (N.D. Ill. Oct. 19, 1999). In fact, at least one court has granted such an injunction even where preliminary approval was denied pending amendments to the settlement agreement and notice procedures. *See Kaufman*, 264 F.R.D. at 449-450.

## IX.   Conclusion

We respectfully request that the Court grant the unopposed relief set forth in the proposed Preliminary Approval Order and propose that the Court schedule a conference to discuss these matters more fully.

Respectfully submitted,

John A. Yanchunis
MORGAN & MORGAN

Robert R. Sparks
PARRY DEERING FUTSCHER &
   SPARKS, PSC

By:   /s/ John A. Yanchunis
          John A. Yanchunis

Dated June 7, 2012

Counsel for Plaintiff
Daniel Nicholas, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2012, **Plaintiff's Motion To Certify A Nationwide Class For Settlement Purposes, Appoint Plaintiff As Class Representative, Appoint Lead Counsel For The Class, Direct An Issuance Of A Notice To The Class, Approve A Preliminary Class Wide Settlement, Issue A Preliminary Injunction And Schedule A Final Fairness Hearing with all attachments** was filed using the Court's CM/ECF system and the following counsel were served by United States mail:

John M. Aerni
Adam J. Kaiser
Jennifer Marie Opheim
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193

Timothy Patrick Dillon
Law Offices of Timothy P. Dillon
1925 Century Park East
Suite 1700
Los Angeles, CA 90067

Alan N. Salpeter
Kaye Scholer LLP
3 First National Plaza
70 West Madison
Chicago, IL 60602

Bryan M. Westhoff
Dewey & LeBoeuf LLP
180 North Stetson Avenue, Suite 3700
Chicago, IL 60601

Andrew S. Friedman
Bonnett Fairbourn Friedman &
   Balint, PC
2901 North Central Avenue
Suite 1000
Phoenix, AZ 85012-3311

Peter Sam Stamatis
Law Office of Peter S. Stamatis, PC
77 West Wacker Drive, Suite 4800
Chicago, IL 60601

Robert P. Cummins
The Cummins Law Firm PC
77 West Wacker Drive, Suite 4800
Chicago, IL 60601

　　　　　　　　　_____/s/ John A. Yanchunis_____
　　　　　　　　　John A. Yanchunis